

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711
March 28, 1963

WAGGONER CARR
ATTORNEY GENERAL

Honorable F. T. Graham
Criminal District Attorney
Cameron County
Brownsville, Texas

Opinion No. C-43

Re: Whether a county commissioner
with an unexpired term of
more than one year automati-
cally resigns his office upon
becoming a candidate for
trustee of an independent
school district, and related
questions.

Dear Sir:

In your opinion request, you state that Mr. Tony Tamayo,
Jr., was elected to the office of County Commissioner, Pre-
cinct No. Two, Cameron County, Texas, at the general election
in November, 1962, for a four-year term. Mr. Tamayo was duly
qualified and assumed the duties of such office on January 1,
1963. On or about the 5th day of March, 1963, Mr. Tamayo
filed as a candidate for the office of trustee of the Browns-
ville Consolidated Independent School District. On the basis
of these facts, you have requested an opinion on the following
questions:

(1) Are the offices of county commissioner and trustee
of a consolidated independent school district incompatible?

(2) If a county commissioner with an unexpired term in
excess of one year announces or in fact does become a candi-
date for the office of trustee of a consolidated independent
school district, does such announcement or candidacy consti-
tute an automatic resignation of the office of county commis-
sioner then held?

(3) In the event that such announcement or candidacy as
set out in Question No. Two does constitute an automatic re-
signation and the creation of a vacancy, does the county com-
missioner hold the office "de jure" until his successor has
been appointed?

Article XVI, Section 40 of the Texas Constitution pro-
vides that no person shall hold or exercise, at the same time,
more than one civil office of emolument, except that of

-185-

Honorable P. T. Graham          page 2          Opinion No. C-43

justice of the peace, county commissioner, and certain named offices not material to this opinion. This constitutional provision would not prevent the same person from holding the offices of county commissioner and trustee of an independent school district, not only because the office of county commissioner is expressly excepted but also because the office of trustee of an independent school district is not an office of emolument. However, the same person may not hold two offices which are incompatible, even though the holding of both offices is not prohibited by Article XVI, Section 40 of the Constitution. 34 Tex.Jur. 351, Public Officers, Sec. 18; Att'y. Gen. Op. 0-2640 (1940). The cited section of Texas Jurisprudence sets out the following tests for determining incompatibility:

" * * * Offices are incompatible where their duties are or may be inconsistent or conflict, but not where their duties are wholly unrelated, are in no manner inconsistent and are never in conflict, and where neither officer is accountable or under the dominion of, or subordinate to, the other, or has any right or power to interfere with the other in the performance of any duty."

We have been unable to find any court decision settling the question of whether the two offices here involved are incompatible. In this connection, we have given attention to Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex.Comm.App. 1927), cited in your brief, but we do not believe its holding is applicable to the office of county commissioner. That case held that the offices of city alderman and trustee of a school district located within such city are incompatible, for the reasons stated in the following quotation from the opinion:

"In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. See articles 1015, 1067, 1071, R.S. 1925. If the same person could be a school trustee and a member of the city council

-186-

Honorable F. T. Graham        page 3        Opinion No. C-43

> or board of aldermen at the same time, school poli-
> cies, in many important respects, would be subject
> to direction of the council or aldermen instead of
> to that of the trustees."

In regard to the matters mentioned in the court's opinion,
both the school board and the city council are invested with
discretion or duty.  Unlike the city council, the commission-
ers court has no corresponding supervisory powers over the
school property of an independent school district, nor does
it have any authority over the policies adopted by the
trustees for the administration of the school system.

Several prior Attorney General's opinions have dealt with
this question.  Attorney General's Opinion No. O-998 (1939)
held that the offices of county commissioner and county school
trustee are incompatible, citing a number of statutes on which
this conclusion was based and referring to an opinion written
in 1929 which held that the offices of county commissioner and
trustee of a school district were incompatible.  Opinion No.
O-5145 (1943) held that the offices of county commissioner and
trustee of a rural high school district are incompatible, men-
tioning specifically the duty of the commissioners court to
canvass the returns of certain school district elections as
creating an incompatibility.  We do not agree that the duty of
canvassing the returns of elections, which is largely minis-
terial in nature, creates an incompatibility between the
offices, but there may be certain other duties of the commis-
sioners court with respect to rural high school districts
which would do so, and we express no opinion as to whether the
result reached in Opinion No. O-5145 is correct.

Opinion No. V-63, rendered in 1947, reviewed the former
opinions and held that the offices of county commissioner and
trustee of an independent school district are not incompatible.
We have reconsidered this holding and have concluded that it is
correct.

In your brief you mention a possible conflict of interest
where the school board requests the commissioners court to
pave or improve a certain road which, if paved, would materi-
ally affect travel of school buses.  We are impressed by this
argument, but we do not believe the supervisory authority of
the commissioners court over the county roads within the dis-
trict creates such a conflict of interest as to make the
offices incompatible. Although the school board would have an
interest in the response to its request, neither body is in

the position of controlling the actions of the other, and neither has any authority in the management of the affairs entrusted to the other. While the matter is not free from doubt, we adhere to the holding in Opinion No. V-63.

Your second question involves a construction of the provision in Article XVI, Section 65 of the Constitution, added by amendment in 1958, which reads:

> "Provided, however, that if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled."

The officers named in Section 65 are those district, county and precinct officers whose terms were increased from two years to four years by the constitutional amendment adopted in 1954, and include county commissioners.

Section 65 of Article XVI provides that automatic resignation shall result from becoming a candidate "in any general, special or primary election, for any office of profit or trust under the laws of this State or the United States other than the office then held." It is settled that a trustee of an independent school district holds an office of trust under the laws of this State. Thomas v. Abernathy County Line Independent School District, supra; Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120 (1900); Lee v. Leonard Independent School District, 24 S.W.2d 449 (Tex.Civ.App. 1930, error ref.). The crucial question is whether the term "any general, special or primary election" as used in Section 65 includes an election for trustee of an independent school district.

Before discussing this question, we would like to point out that operation of Section 65 of Article XVI does not depend on whether the same person may hold both offices at the same time. In Attorney General's Opinion No. WW-788, it was

concluded that the 1958 amendment had two purposes: (1) to reduce the duration of appointments resulting from relinquishment of the office then held upon election to the second office, and (2) to prevent the officer from engaging in a political campaign for another office at any time except during the last year of his term. Although candidacy for an office which could be held simultaneously with the office then held would not be contrary to the first purpose, it is contrary to the second purpose. As already noted, a person may lawfully hold the office of county commissioner or justice of the peace simultaneously with another office if the two offices are not incompatible. Certain offices which are filled at the general election for state and county officers are not incompatible with the offices of county commissioner and justice of the peace. Yet we think there can be no doubt that candidacy for any other office which is filled at the general election for state and county officers, at a time when the unexpired term of the office then held exceeded one year, would constitute an automatic resignation, regardless of whether both offices could be held by the same person.

The three types of elections for selection of public officers are general or "regular" elections, special elections (both of which are elections in the true sense that officers are elected thereat), and primary elections for nomination of candidates by political parties. A general election is one which recurs periodically at stated intervals as fixed by law, whereas a special election is one that arises from some exigency or special need outside the usual routine, such as to fill a vacancy in office. 18 Am.Jur. 181, Elections, Sec. 5. In this sense an election for school trustees regularly held on a date fixed by law is a general election. The answer to your second question turns on whether this is the meaning of the term as used in Section 65 of Article XVI, or whether its meaning is restricted to the biennial general election for state and county officers.

In Greenwood v. City of El Paso, 186 S.W.2d 1015 (Tex. Civ.App. 1945), the question for decision was whether the term "general election" as used in a statute requiring that the application of an independent candidate for a city office be signed by voters numbering five per cent of the entire vote cast in the city "at the last general election" meant the last general municipal election or the last general election for state and county officers. In reaching the conclusion that the term as there used had the latter meaning, the court said:

"The words 'general election' would, standing
alone, mean the state-wide election held in pur-
suance of general law every two years, which elec-
tion is for the selection of state, district,
county and precinct officers.  This is a popular
meaning of the term.  It is a fundamental rule of
statutory construction that unless some good reason
appears to the contrary, words used in the statute
would be construed by the courts in accordance with
their popular and generally understood meaning."

The court further observed, however, that the term "general
election" may sometimes refer to the periodical elections
held by cities for the selection of municipal officers (by
extension, this observation would also apply to the periodical
elections held by school districts), and held that in the oath
which the signers of the application of an independent candi-
date for a city office were required to subscribe to, swearing
that they were qualified voters "at the next general election,"
the term meant the next general city election.

The phrase "the general election" carries a different
connotation from the phrase "any general election."  The
former suggests a specific general election, and would usually
be taken to mean the one most commonly known—the November
general election for state and county officers—unless used in
context requiring a different interpretation.  "Any general
election" is not so limited in connotation.  Throughout the
Election Code, the phrase, "in all elections, general, special,
or primary," or similar wording is frequently used when the
provision is intended to apply to every type of election, by
whatever authority it may be held, and clearly includes elec-
tions held by cities, school districts, and other political
subdivisions of the State as well as elections for state and
county officers.  See, for example, Articles 1.05, 2.01, 3.03,
3.04, 9.01, and 9.02, Vernon's Election Code.

As used in Section 65 of Article XVI, we think the term
"any general, special or primary election" was intended as an
all-inclusive description of every kind of election at which
offices of profit or trust under the laws of this State or of
the United States are voted on.  Without attempting to develop
all of the arguments in support of the interpretation that the
offices are not limited to those regularly filled at the
general election for state and county officers, we think this
interpretation is definitely confirmed by Article XI, Section
11 of the Constitution, which was submitted by the same

Legislature and adopted at the same election as the 1958
amendment to Section 65 of Article XVI. The pertinent por-
tion of Article XI, Section 11 reads as follows:

> "Sec. 11. A Home Rule City may provide by
> charter or charter amendment, and a city, town or
> village operating under the general laws may pro-
> vide by majority vote of the qualified voters vot-
> ing at an election called for that purpose, for a
> longer term of office than two (2) years for its
> officers, either elective or appointive, or both,
> but not to exceed four (4) years; provided, however,
> that tenure under Civil Service shall not be affect-
> ed hereby.

> "Provided, however, if any of such officers,
> elective or appointive, shall announce their candi-
> dacy, or shall in fact become a candidate, in any
> general, special or primary election, for any office
> of profit or trust under the laws of this State or
> the United States other than the office then held,
> at any time when the unexpired term of the office
> then held shall exceed one (1) year, such announce-
> ment or such candidacy shall constitute an automatic
> resignation of the office then held, and the vacancy
> thereby created shall be filled pursuant to law in
> the same manner as other vacancies for such office
> are filled."

We find in the second paragraph of this amendment a repeti-
tion, in identical language, of the elections and offices re-
ferred to in Section 65 of Article XVI, and it must be pre-
sumed that the language was intended to have like meaning in
both amendments. Collingsworth County v. Allred, 120 Tex.
473, 40 S.W.2d 13 (1917); Garrett v. Mercantile Nat. Bank at
Dallas, 140 Tex. 394, 168 S.W.2d 636 (1943). It is obvious
that the offices for which candidacy will constitute an auto-
matic resignation under Article XI, Section 11 are not limited
to offices regularly filled at the general election for state
and county officers, for the section was manifestly designed
to make candidacy for another city office at a city election
constitute a resignation, as well as candidacy for other
offices at elections held by other political entities. This
necessarily must be true, because the phrase "other than the
office then held" would otherwise be meaningless, since the
"office then held" could be filled only at a city election.
Neither can this section be construed as referring only to

elections for city offices, because no office "under the United States" is filled at a city election. Construing the two sections together, we must conclude that in each section the language was intended to embrace all elections, including elections for school trustees. Accordingly, we are of the opinion that candidacy of the county commissioner for school trustee constituted an automatic resignation of the office of county commissioner.

Your third question, on whether the county commissioner continues to hold the office until his successor has been appointed, was answered in Attorney General's Opinion No. WW-1253 (1962). That opinion held that under Article XVI, Section 17 of the Constitution, providing that all officers shall continue to perform the duties of their offices until their successors shall be duly qualified, an officer whose resignation has been effected by operation of the provision for automatic resignation continues to serve as a "de jure" officer until his successor qualified for the office.

## SUMMARY

The offices of county commissioner and trustee of an independent school district are not incompatible, and may be held by the same person.

Where a county commissioner becomes a candidate for the office of trustee of an independent school district at a time when the unexpired term of his office exceeds one year, his candidacy constitutes an automatic resignation of the office of county commissioner. Tex. Const. Art. XVI, Sec. 65. He continues to serve as a "de jure" officer until his successor is appointed and has qualified for the office. Tex. Const. Art. XVI, Sec. 17.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Mary K. Wall

Mary K. Wall
Assistant Attorney General

MKW:da

APPROVED:

OPINION COMMITTEE
W. P. Geppert, Chairman

J. C. Davis, Jr.
Edward R. Moffett
J. Arthur Sandlin
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone